SCANNED at CIC and Emailed on
2/11/19 by /BS/ 17 pages.
(date) (initials) (num)
Rec' 2/9/19

STATE OF INDIANA ) IN THE FEDERAL DISTRICT COURT 105
) SS: INDIANAPOLIS DIVISION
COUNTY OF MADISON )

Cause No. 1:19-cv-622-JRS-DML

**ARTHUR BEATTY**
Plaintiff
v. **CHAPLAIN HENSHAW; COUNSELOR HOOLEY**
**INMATE UTAH DOCKERY #143189**

## II. JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331. (*If you wish to assert jurisdiction under additional statutes, you may fill in the title and section below.*)

_____ U.S.C. § _____
_____ U.S.C. § _____

**FILED**
12:02 pm, Feb 12, 2019
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Laura A. Briggs, Clerk

-2-
## III. BASIS FOR CLAIMS

Check any Applicable Item(s):

☒ Complaint Under the Civil Rights Act, **42 U.S.C. § 1983** (state, county, or municipal defendants)

## IV. CLAIMS

**BRIEFLY** state the background of your case.

1. This case regards the Department of Corrections and D.O.C staff members "Counselor and protecting another inmate (Utah Dockery) from potential criminal charges and civil liabilities when inmate Dockery is the culprit that used a "snitch note" he had written in an ulterior motive of spite, revenge and a desire to cause harm, harassment and emotional distress to Plaintiff\. These same staff members also have threatened Plaintiff Plaintiff\ by telling him that he needs to "stop" his grievance process or he would be in "some type of jeopardy" and retaliation for filing his grievance. (**Note: this "jeopardy" notates that Defendants and Defendants may either cause or may actually do it themselves, cause Plaintiff\ to lose his "Faith Dorm" housing; cause him to be facing potential disciplinary action and losing "Good Time Credits"; cause him to be fired from his prison job; cause the "Faith Based Community" to lose trust in the fidelity of Plaintiff\ as a "Faith Leader"; cause any other fidelity relationships between other "Faith Dorm" participants to deteriorate; and continue to cause a retaliatory, defamatory and libelous dangerous continuous action to be improperly illegally imposed upon Plaintiff\. All of this is**

a violation of his 1st amendment, freedom of speech, right to redress grievances and be free from the retaliation of the Defendants and violation of Plaintiff\'s 14th amendment right to be protected under due process and equal protection). Plaintiff\ would be in "jeopardy" if he "continues to pursue the matter against" inmate Dockery. This is because both Defendants and Defendants are attempting to impede an investigation (and harbor/protect a dangerous inmate Defendant "Dockery") regarding the facts below:

2.
## FACTS OF THE CASE

During the month of December 2018 Plaintiff\ was having minor problems with a number of cellmates, but there were no major problems. Problems were mainly concerning personality clashes between him and his cellmates. Defendant Utah Dockery was close friends with Plaintiff\ (or so Plaintiff\ thought) and Plaintiff\ confided personal, private concerns of his private prison life with Dockery. Also, because Dockery is a "Senior Citizen," Plaintiff\ felt a "Christian Duty" to protect Dockery from wolfish younger inmates that may take advantage of Dockery. Around the first of December Plaintiff\ noticed his (presumed friend) Dockery in a verbal altercation with an unknown man/inmate about use of the prison microwave. Plaintiff\ intervened in order to prevent Dockery and the young inmate from fighting. Dockery in turn falsely assumed that Plaintiff\ had sided with the young inmate abandoning Dockery. Dockery responded harshly to his misconception of Plaintiff\ and said, "Stay out of my business." Little did Plaintiff\ know as to just how personal and just how devious his so called "friend" would react to this event. Around December 16th 2018 Plaintiff\ finally moved to another cell and finally got a break from his (unnamed) cellmate. Plaintiff\ moved into a cell with a cellmate (Plaintiff\ is familiar with) named Michael Miller. Plaintiff\ (in the past) used to be cellmates with Miller and they had a highly charged contentious relationship in their previous live in together and were forced to separate. Dockery had intimate knowledge of the fact Plaintiff\ and Miller used to live together and it was a volatile contentious live in situation as cellmates. So, after Plaintiff\ involuntary was moved into Miller`s cell by direction of Counselor/Defendant Defendants, the very next day a "snitch note" was mysteriously found by an (unnamed inmate) on the floor by the "T.V. Room." The "note" was not addressed from or to anyone but it was very particular and the (body) of the "note" addressed one name. That name refers to only one person of interest in the whole matter of this claim. His name is inmate Michael Miller. The "note" in summary said something to the effect of "My cellmate Michael Miller is gone off of his medication and I am afraid he may do something to hurt me. I want him moved immediately!!!" The note was turned over to Counselor Defendants and then he turned it over to I.A. (Internal Affairs). After word got back to all of the inmates in the "Faith Dorm" where Plaintiff\ lives, his cellmate Michael Miller immediately falsely presumed that his cellmate Plaintiff\ had freshly written the "snitch note" against him in order to get him removed from his cell. (NOTE: THE "SNITCH NOTE" WAS ACTUALLY WRITTEN BY DEFENDANT DOCKERY A NUMBER OF MONTHS BEFORE HE THREW IT DOWN ON

2.

THE FLOOR IN FRONT OF THE "T.V. ROOM." THE "SNITCH NOTE" WAS NEVER TURNED IN TO THE COUNSELOR BY DOCKERY. AS A MATTER OF FACT DOCKERY KEPT THE "SNITCH NOTE" TUCKED AWAY IN HIS BIBLE. PLAINTIFF\ NOTICED SOME TIME BACK THAT THE "NOTE" WAS IN THE BIBLE AND TOLD DOCKERY TO "THROW THAT NOTE AWAY!!!" UNFORTUNATELY DOCKERY NEVER THREW THE "NOTE" AWAY. DOCKERY EVIDENTLY WAS KEEPING IT FOR SOME UNTOWARD, DIABOLICAL, DEVIOUS PURPOSE TO BE USED TO "SET (SOMEONE) AS IN THIS CASE, SET PLAINTIFF\ UP.) Plaintiff\ went to the Defendants (Defendants/Defendants) and explained that he had a "serious problem" and that "Dockery" had "set" him up by planting a "snitch note" on the floor in front of the "T.V. Room." Plaintiff\ explained to the Defendants as to how he had personal knowledge because he saw the note before in Dockery's possession and that he had a witness and that this "witness" has personal knowledge because this "witness" wrote the "note" for Dockery because Dockery does not have the writing skills to write informatively or legibly. (NOTE: The unannounced "witness" will be announced later in this claim if necessary in order to protect the innocent "witness" from any D.O.C. staff or inmate retaliation or reprisals). Afterwards Plaintiff\ began to continually contact Counselor Defendants and Chaplain Defendants about the status of the investigation and what may be done about removing Dockery from the "Faith Dorm." As Plaintiff\ continued to request the Defendants investigate the matter, he was assured by Defendants that he would investigate the matter if he was able to "talk to the "unannounced witness." The "unannounced witness" went to Defendants and announced that he had personally written the "note" for Dockery and that he ( the unannounced witness) "thought that Dockery had put that note in the Counselors Box a long time ago. The "unannounced witness" was a friend of Dockery and was not only surprised but hurt and saddened that Dockery would evilly betray both himself and Plaintiff\ over a frivolous matter which put both Plaintiff\ and the "unannounced witness" in jeopardy of life or limb by potential attack of either Miller or other inmates. (**NOTE: BOTH THE "UNANNOUNCED WITNESS" AND PLAINTIFF\ ARE NOT REQUESTING ANY protection from staff or to be moved, disturbed or retaliated against by being moved to another facilty due to any "safety concerns."**) As a matter of fact both the Defendants Defendants/Defendants began to grow more weary after the "unannounced witness" came forward to Defendants and explained he knew of the "note" and that Plaintiff\ "did not write the note." This announcement by the "unannounced witness" seem to show that the Defendants really had adverse positions against Plaintiff\. This is because after the "announcement" by the "unannounced witness," instead of the Defendants furthering the investigation of the matter, the Defendants began to, in an effort to thwart and impede the process, told Plaintiff\ "you better let this go.....stop talking to us about this....you're not hurt...why would you pursue the matter?...this is not gonna turn out good for you....you are not gonna win!!!...you don't want to file a grievance on this." Each time Plaintiff\ was called into the counselor's office to

3 -

talk to the Defendants they both used not only words of threat that "you better let this go" but also menacing facial expressions and demeanors of threat that he should not be "talking about this anymore or something would happen." Plaintiff\ has since attempted to conduct his own investigation in order to preserve the "snitch note" in order to file a claim against the Defendants. For some reason nobody, including I.A. (Internal Affairs Dept.), knows where the "snitch note" is now. Plaintiff\ is asking that this court ORDER the Defendants to cease and desist from threatening him in any manner in order to impeded his due access to this court or to continue his investigation into the matter. Plaintiff\ also asks that Defendant Dockery be ordered to Pay in whatever amount in monetary and in punitive damages is deemed necessary by this court for Dockery's ulterior motive of spite, revenge and a desire to cause harm, harassment and emotional distress to Plaintiff\ by planting such "snitch note" knowing that Plaintiff\ was vulnerable to violence by either his cellmate Miller and also vulnerable to violence by any and all inmates in any prison system he is now in and may go to later in his sentence. Plaintiff\ would ask for the same in the sense of monetary and punitive payment from the other two Defendants Defendants and Defendants for threatening Plaintiff\ and for hindering an investigation so that Plaintiff\ could file an appropriate grievance to stop the "talking" about the event of his potential harm and to "stop…don't file a grievance because it won`t turn out good for you..it will turn out bad if you go any further!!!"

## V. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF-NONE

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? ☐ Yes ☒ No.

I FILED ALL THE GRIEVANCES AND APPEALS. I CAN GO NO FURTHER (SEE ATTACHED GRIEVANCES AND APPEAL).

## VI. PREVIOUSLY DISMISSED ACTIONS OR APPEALS--NONE

## VII. REQUEST FOR RELIEF

I request the following relief. Plaintiff\ is asking that this court ORDER the Defendants to cease and desist from threatening him in any manner in order to impeded his due access to this court or to continue his investigation into the matter. Plaintiff\ also asks that Defendant Dockery be ordered to Pay in whatever amount in monetary and in punitive damages is deemed necessary by this court for Dockery's ulterior motive of spite, revenge and a desire to cause harm, harassment and emotional distress to Plaintiff\ by planting such "snitch note" knowing that Plaintiff\ was vulnerable to violence by either his cellmate Miller and also vulnerable to violence by any and all inmates in any prison system he is now in and may go to later in his sentence. Plaintiff\ would ask for the same in the sense of monetary and punitive payment from the

4

other two Defendants Defendants and Defendants for threatening Plaintiff\ and for hindering an investigation so that Plaintiff\ could file an appropriate grievance to stop the "talking" about the event of his potential harm and to "stop…don't file a grievance because it won`t turn out good for you..it will turn out bad if you go any further!!!"

_____

Original signature of attorney (if any)

Original signature of attorney (if any)
Date: _____

*Arthur Beatty*
**Plaintiff's Original Signature**
Arthur Beatty
**Plaintiff's Printed Name**

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is **true and accurate.**

Executed at          C.I.F                               on 2/8/19
                     (location)                          (date)

*Arthur Beatty* **Plaintiff's Original**

**Signature**

**Plaintiff demands a trial by jury.** ☒Yes ☐No

## CERTIFICATE OF SERVICE

I, Arthur Beatty do hereby swear under penalty for perjury that on this 8th day of February 2019 I served a true and correct copy of the foregoing Complaint - Tort, upon the Defendant, whose address is 5124 West Reformatory Road Pendleton, Indiana 46064 by placing same in a properly addressed envelope, with sufficient first-class postage attached, and depositing same in a mailing container at the Correctional Industrial Facility's Law Library for prompt processing and mailing by authorized institutional officials.

*Arthur Beatty*

Plaintiff *pro se*